[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Laurie Winkle appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of her blood after having been arrested on a charge of driving while under the influence of alcohol. The court finds the issues in favor of the defendant commissioner.
In her brief to this court in support of her appeal, the plaintiff advances essentially a singe argument: that the hearing officer erroneously admitted in evidence the written report of the police officer who arrested the plaintiff. Without that report, the plaintiff argues, CT Page 5384 there was insufficient evidence to support the hearing officer's determination that the plaintiff refused to submit to the required chemical test of the alcohol content of her blood.
The court has reviewed the evidence in the record of the administrative proceeding. The police reports in question consist of the standard A-44 report form approved by the department of motor vehicles, a report entitled "Police Accident Report," and a report in narrative form entitled "Continuation of Investigation Report." All of the reports are authored by TFC. James J. Allen III, the state police officer who arrested the plaintiff as the result of an incident occurring on September 15, 1996. The reports indicate that Trooper Allen signed the A-44 form on September 16, and signed the Accident Report and the Continuation of Investigation Report on September 17. All the reports bear statements and signatures of other officers indicating that Trooper Allen signed the reports under oath.
The plaintiff argues first that the narrative reports supplementing the A-44, in particular the Continuation of Investigation Report, should not have been admitted because the officer did not check the appropriate block on the A-44 form to indicate that he was attaching the supplement. The Appellate Court has recently rejected that precise argument and it may not be sustained. See Bialowas v. Commissioner of MotorVehicles, 44 Conn. 702, 712-713 (released April 15, 1997).
The plaintiff also points out that it is unclear who administered the oath with respect to the narrative reports. She argues further that the fact that the narrative report is dated the day after the A-44 suggests that it is less reliable. Neither of these arguments, however, casts any significant doubt on the reliability or probative value of the report. The court concludes that the hearing officer acted correctly and in accordance with the law in admitting the reports in question.
As even the plaintiff must concede, the police reports provide ample and substantial evidence to support CT Page 5385 the hearing officer's determination that the plaintiff refused to submit to the required tests. The court must affirm the hearing officer's decision, therefore.
The appeal is dismissed.
MALONEY, J.